## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| REVOLAZE, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| FASHION BOX S.P.A., | ) Civil Action No. _____ ) |
| Defendant. | ) ) ) |

## COMPLAINT AND JURY DEMAND

1. Plaintiff RevoLaze LLC ("Plaintiff" or "RevoLaze"), for its Complaint against Defendant Fashion Box S.p.A. ("Defendant" or "Fashion Box"), herein alleges as follows:

## THE PARTIES

2. RevoLaze is a Delaware limited liability company with its principal place of business at 29300 Clemens Road, Westlake, Ohio 44145. RevoLaze is an operating company and a developer of laser scribing technology to impart graphics and patterns on a myriad of substrates to solve current environmental, quality and cost problems associated with manufacturing and decorating garments and textiles.

3. Upon information and belief, Fashion Box is a company organized under the laws of Italy, having a business address at Via Marcoui 1 - 31011 Localita Casella, Asolo (Treviso) Italy.

4. Upon information and belief, Fashion Box sells denim apparel under the brand name "Replay."

## JURISDICTION AND VENUE

5.  This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the patent infringement claims herein have taken place and are still taking place in this judicial district.

7.  The Court has personal jurisdiction over Fashion Box because Fashion Box is engaged in substantial and not isolated activities within this state and district, including providing, using, offering for sale, and selling its infringing product within this state and district at least through its website www.replay.it/en/. Due to these infringing activities, Plaintiff has suffered injury in this judicial district.

## PLAINTIFF'S PATENTS

8.  On November 23, 1999, the United States Patent and Trademark Office duly issued United States Patent No. 5,990,444 ("the '444 Patent"), entitled "Laser Method and System of Scribing Graphics." A true and correct copy of the '444 Patent is attached hereto as Exhibit A. RevoLaze is the owner of the '444 Patent by assignment.

9.  On October 31, 2000, the United States Patent and Trademark Office duly issued United States Patent No. 6,140,602 ("the '602 Patent"), entitled "Marking of Fabrics and Other Materials Using a Laser." A true and correct copy of the '602 Patent is attached hereto as Exhibit B. RevoLaze is the owner of the '602 Patent by assignment.

10. On June 26, 2001, the United States Patent and Trademark Office duly issued United States Patent No. 6,252,196 ("the '196 Patent"), entitled "Laser Method of Scribing

Graphics." A true and correct copy of the '196 Patent is attached hereto as Exhibit C. RevoLaze is the owner of the '196 Patent by assignment.

11.     On December 16, 2003, the United States Patent and Trademark Office duly issued United States Patent No. 6,664,505 ("the '505 Patent"), entitled "Laser Processing of Materials Using Mathematical Tools." A true and correct copy of the '505 Patent is attached hereto as Exhibit D. RevoLaze is the owner of the '505 Patent by assignment.

12.     On November 16, 2004, the United States Patent and Trademark Office duly issued United States Patent No. 6,819,972 ("the '972 Patent"), entitled "Material Surface Processing With a Laser That Has a Scan Modulated Effective Power to Achieve Multiple Worn Looks." A true and correct copy of the '972 Patent is attached hereto as Exhibit E. RevoLaze is the owner of the '972 Patent by assignment.

13.     On February 22, 2005, the United States Patent and Trademark Office duly issued United States Patent No. 6,858,815 ("the '815 Patent"), entitled "Denim Designs From Laser Scribing." A true and correct copy of the '815 Patent is attached hereto as Exhibit F. RevoLaze is the owner of the '815 Patent by assignment.

## COUNT I — INFRINGEMENT OF THE '444 PATENT

14.     RevoLaze restates and incorporates by reference paragraphs 1 through 13 as if fully stated herein.

15.     Defendant has infringed and is still infringing the '444 Patent by making, selling, offering for sale, importing and/or using denim garments that embody the patented invention including the Replay Re-Army 335 906 – Slim Bootcut Fit Jeans (Item Number WV676.000.335 906) ("Replay Product"), and Defendant will continue to do so unless enjoined by this Court.

16. As a direct and proximate result of Defendant's direct infringement of the '444 Patent, RevoLaze is suffering damages and irreparable injury for which it has no adequate remedy at law.

## COUNT II — INFRINGEMENT OF THE '602 PATENT

17. RevoLaze restates and incorporates by reference paragraphs 1 through 16 as if fully stated herein.

18. Defendant has infringed and is still infringing the '602 Patent by making, selling, offering for sale, importing and/or using denim garments that embody the patented invention including the Replay Product, and Defendant will continue to do so unless enjoined by this Court.

19. As a direct and proximate result of Defendant's direct infringement of the '602 Patent, RevoLaze is suffering damages and irreparable injury for which it has no adequate remedy at law.

## COUNT III — INFRINGEMENT OF THE '196 PATENT

20. RevoLaze restates and incorporates by reference paragraphs 1 through 19 as if fully stated herein.

21. Defendant has infringed and is still infringing the '196 Patent by making, selling, offering for sale, importing and/or using denim garments that embody the patented invention including the Replay Product, and Defendant will continue to do so unless enjoined by this Court.

22. As a direct and proximate result of Defendant's direct infringement of the '196 patent, RevoLaze is suffering damages and irreparable injury for which it has no adequate remedy at law.

### COUNT IV — INFRINGEMENT OF THE '505 PATENT

23. RevoLaze restates and incorporates by reference paragraphs 1 through 22 as if fully stated herein.

24. Defendant has infringed and is still infringing the '505 Patent by making, selling, offering for sale, importing and/or using denim garments that embody the patented invention including the Replay Product, and Defendant will continue to do so unless enjoined by this Court.

25. As a direct and proximate result of Defendant's direct infringement of the '505 Patent, RevoLaze is suffering damages and irreparable injury for which it has no adequate remedy at law.

### COUNT V — INFRINGEMENT OF THE '972 PATENT

26. RevoLaze restates and incorporates by reference paragraphs 1 through 25 as if fully stated herein.

27. Defendant has infringed and is still infringing the '972 Patent by making, selling, offering for sale, importing and/or using denim garments that embody the patented invention including the Replay Product, and Defendant will continue to do so unless enjoined by this Court.

28. As a direct and proximate result of Defendant's direct infringement of the '972 Patent, RevoLaze is suffering damages and irreparable injury for which it has no adequate remedy at law.

### COUNT VI — INFRINGEMENT OF THE '815 PATENT

29. RevoLaze restates and incorporates by reference paragraphs 1 through 28 as if fully stated herein.

30. Defendant has infringed and is still infringing the '815 Patent by making, selling, offering for sale, importing and/or using denim garments that embody the patented invention including the Replay Product, and Defendant will continue to do so unless enjoined by this Court.

31. As a direct and proximate result of Defendant's direct infringement of the '815 Patent, RevoLaze is suffering damages and irreparable injury for which it has no adequate remedy at law.

## **JURY DEMAND**

32. Plaintiff hereby demands a jury trial on all issues triable to the jury.

WHEREFORE, Plaintiff demands:

    (a)    judgment that Defendant has infringed each of the asserted patents;

    (b)    permanent injunctive relief prohibiting further infringement of the asserted patents;

    (c)    damages for Defendant's infringements;

    (d)    prejudgment interest on the damages;

    (e)    costs for this lawsuit; and

    (f)    any other relief that the Court may deem just and proper.

Dated: August 15, 2014                    *s/ Stephen H. Rovak*

                                        Stephen H. Rovak *(Pro Hac Vice)*
                                            stephen.rovak@dentons.com
                                        Dentons US LLP
                                        211 North Broadway
                                        Suite 3000
                                        St. Louis, Missouri 63102
                                        Telephone: (314) 241-1800


                                        Mark L. Hogge
                                          mark.hogge@dentons.com
                                        Shailendra K. Maheshwari
                                          shailendra.maheshwari@dentons.com
                                        Nicholas H. Jackson
                                          nicholas.jackson@dentons.com
                                        Dentons US LLP
                                        1301 K Street NW
                                        Suite 600
                                        Washington, D.C. 20005
                                        Telephone: (202) 408-6400


                                        Steven J. Stein
                                          steven.stein@dentons.com
                                        Dentons US LLP
                                        1221 Avenue of the Americas
                                        New York, New York 10020
                                        Telephone: (212) 768-6700

                                        *Attorneys for Plaintiff RevoLaze LLC*